MATTHEW W. CLOSE (S.B. #188570)
mclose@omm.com
ELIZABETH A. ARIAS (S.B. # 318283)
earias@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ABBY F. RUDZIN *(pro hac vice)*
arudzin@omm.com
MOSHE MANDEL *(pro hac vice)*
mmandel@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants J2 Global, Inc., Vivek Shah, Nehemia Zucker, and R. Scott Turicchi*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GARCIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J2 GLOBAL, INC., VIVEK SHAH, NEHEMIA ZUCKER, and R. SCOTT TURICCHI,<br><br>Defendants. | Case No. 2:20-cv-06096-FLA-MAA<br><br>**NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>[Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Matthew W. Close; and [Proposed] Order Filed Concurrently]<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Hearing Date: July 9, 2021<br>Hearing Time: 1:30 p.m.<br>Courtroom: 6B |

I.   INTRODUCTION

Defendants J2 Global, Inc., Vivek Shah, Nehemia Zucker, and R. Scott Turicchi hereby request that this Court consider documents referenced in Lead Plaintiff Jonathan Espy's Second Amended Complaint (the "SAC," Dkt. No. 59) under the incorporation by reference doctrine and otherwise take judicial notice under Rule 201 of the Federal Rules of Evidence of the publicly available documents attached to the accompanying Declaration of Matthew W. Close ("Close Declaration"). These documents are Exhibits 1 through 14 to the Close Declaration. The Court has already considered all but two of these exhibits and determined that each was either incorporated into Espy's earlier complaint—which contains the same relevant allegations as the SAC—or is the proper subject of judicial notice for the limited purpose for which Defendants have cited it. (*See* "Order," Dkt. No. 56 at 6–13.) And the Court can take judicial notice of the two documents that it has not yet considered: a Form 10-Q filed with the SEC and a webpage from J2's website accessed through the Wayback Machine. This request is made in support of Defendants' Motion to Dismiss the SAC.

II.   **LEGAL GROUNDS FOR DEFENDANTS' REQUEST**

As this Court recognized in the Order, "two doctrines allow a court to consider material outside the complaint without converting the motion into one for summary judgment: incorporation by reference and judicial notice." (Order at 6.) Each of the documents submitted with the Close Declaration falls under the purview of at least one of those two doctrines.

    **A.   The Court should consider SEC filings, press releases, and public reports that are referenced in the SAC or form the basis of Espy's claims.**

"Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." (Order at 7 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).) "The doctrine prevents plaintiffs from selecting only portions of documents that support

their claims, while omitting portions of those same documents that weaken their claims." *Id*. "A document may be deemed incorporated by reference 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id*.

The Court previously determined that Exhibits 2, 5, and 7 through 10 were incorporated by reference into Espy's Consolidated Class Action Complaint (the "FAC," Dkt. No. 42) "because Plaintiff allege[d] the documents contain misrepresentations or omissions that form the basis of Plaintiff's claim." (Order at 7–9.) The Court further concluded that Exhibit 12 was "incorporated into the Consolidated Complaint because Plaintiff allege[d] [it] revealed the truth about J2 and caused its stock price to drop, thereby forming the basis of Plaintiff's claim." (*Id*. at 8.) The SAC contains similar allegations about each of the exhibits. Accordingly, Defendants request that the Court consider the following documents:

1.  **Exhibit 2**: J2's Form 8-K and press release filed with the SEC on October 5, 2015. The SAC discusses and quotes the press release at paragraphs 6, 75, and 120, and it appears to form the basis of Espy's claims regarding J2's acquisition of VDW Netherlands. (*Id*. ¶¶ 6, 75, 120–21; App. C.) This document was Exhibit 2 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-5), and the Court held it was incorporated by reference into the FAC. (Order at 7.)

2.  **Exhibit 5**: J2's Annual Report on Form 10-K filed with the SEC on March 1, 2017 (the "2016 10-K"). The SAC discusses and quotes the 2016 10-K at paragraphs 117, 157, and 159. (*Id*. ¶¶ 117, 157, 159; App. C.) This document was Exhibit 6 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-9), and the Court held it was incorporated by reference into the FAC. (Order at 7–8.)

3.  **Exhibit 7**: J2's Annual Report on Form 10-K filed with the SEC on March 1, 2018 (the "2017 10-K"). The SAC discusses and quotes the 2017 10-K at paragraphs 196 and 198. (*Id*. ¶¶ 196–205; App. C.) This document was Exhibit 10

to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-13), and the Court held it was incorporated by reference into the FAC. (Order at 8.)

4. **Exhibit 8**: J2's Schedule 14A filed with the SEC on March 23, 2018 (the "2018 Proxy Statement"). The SAC discusses and quotes the 2018 Proxy Statement at paragraphs 219 and 220. In addition, the SAC asserts that the 2018 Proxy Statement contained allegedly false or misleading statements that appear to form the basis of Espy's allegations regarding related-party transactions. (*Id.* ¶¶ 219–21; App. C.) This document was Exhibit 11 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-14), and the Court held it was incorporated by reference into the FAC. (Order at 8.)

5. **Exhibit 9**: J2's Annual Report on Form 10-K filed with the SEC on March 1, 2019 (the "2018 10-K"). The SAC discusses and quotes the 2018 10-K at paragraphs 217 and 219. (*Id.* ¶¶ 217–19; App. C.) This document was Exhibit 12 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-15), and the Court held it was incorporated by reference into the FAC. (Order at 8.)

6. **Exhibit 10**: J2's Annual Report on Form 10-K filed with the SEC on March 2, 2020 (the "2019 10-K"). The SAC discusses and quotes the 2019 10-K at paragraphs 7, 90, 95, 232, and 234. In addition, the SAC asserts that the 2019 10-K contained allegedly false or misleading statements that appear to form the basis of Espy's allegations regarding J2's financial reporting practices and related-party transactions. (*Id.* ¶¶ 232–36; App. C.) This document was Exhibit 14 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-17), and the Court held it was incorporated by reference into the FAC. (Order at 8.)

7. **Exhibit 12**: Hindenburg Research internet post titled "J2 Global: Troubling Related Party Transactions, Looming Impairments and a Suspicious History of Insider Enrichment Spanning Decades," (June 30, 2020) ("Hindenburg Post"), available at https://hindenburgresearch.com/j2-global/ (last visited May 11, 2020). The SAC extensively discusses and quotes the post at paragraphs 10, 15, 76,

and 241 through 244.  In addition, the SAC relies on the post as an alleged corrective disclosure, making it a basis for Espy's claims.  (*Id*. ¶¶ 15–16, 241–44.) This document was Exhibit 17 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-20), and the Court held it was incorporated by reference into the FAC.  (Order at 9.)

**B.    The Court may also take judicial notice of SEC filings, press releases, stock price history, and public webpages.**

"The court may take judicial notice of facts not subject to reasonable dispute because they are either: (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned."  (Order at 9 (citing Fed. R. Evid. 201 (b)).)  Observing that "courts may take judicial notice of SEC filings," the Court previously took "judicial notice of the fact that representations or disclosures were made" in Exhibits 3, 6, and 13.  (Order at 11–12.)  Finding that Exhibit 4 "is essentially the foreign equivalent of a Form 10-K," the Court also took judicial notice of Exhibit 4.  (*Id*.)  And because Exhibit 11 (a PowerPoint presentation for J2's Analyst Day) was publicly available, the Court took judicial notice "of the fact that the information contained in the presentation was available to investors as of March 4, 2020."  (*Id*. at 12.)  Accordingly, Defendants request that the Court again take judicial notice of the following:

1.    **Exhibit 3**: J2's Form 10-Q filed with the SEC on November 9, 2015. This document was Exhibit 3 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-6), and the Court took judicial notice of it in connection with that Motion. (Order at 10–11.)

2.    **Exhibit 4:** J2 Global Ireland Limited Director's Report and Financial Statements For the Year Ended 31 December 2015 ("J2 Ireland's 2015 Financial Statements").  This document was Exhibit 5 to Defendants' Motion to Dismiss the

FAC (Dkt. No. 43-8), and the Court took judicial notice of it in connection with that Motion.  (Order at 11.)

3.   **Exhibit 6:** J2's Form 8-K filed with the SEC on September 28, 2017, and September 28, 2017 press release titled "j2 Global Announces Vivek Shah to Become Chief Executive Officer in January 2018 Hemi Zucker to Become Co Managing Principal of OCV Management ("OCV") with j2 Global Becoming an OCV Limited Partner," attached as exhibit 99.1 to the Form 8-K.  This document was Exhibit 7 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-10), and the Court took judicial notice of it in connection with that Motion.  (Order at 10–11.)

4.   **Exhibit 11:** A PowerPoint presentation for J2's Analyst Day, dated March 4, 2020.  This document was Exhibit 15 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-18), and the Court took judicial notice of it in connection with that Motion.  (Order at 12.)

5.   **Exhibit 13:** J2's Form 8-K filed with the SEC on July 6, 2020, and June 30, 2020 press release titled "J2 Global Responds to False Claims and Distortions in Short-Seller," attached as exhibit 99.1 to the Form 8-K.  This document was Exhibit 18 to Defendants' Motion to Dismiss the FAC (Dkt. No. 43-21), and the Court took judicial notice of it in connection with that Motion.  (Order at 10–11.)

Like Exhibits 3, 6, and 13, **Exhibit 1** is a J2 SEC filing—it is J2's Form 10-Q filed with the SEC on November 7, 2014.  Defendants request that the Court take judicial notice of **Exhibit 1** for the same reason that it took judicial notice of those other SEC filings: because "courts may take judicial notice of SEC filings."  (Order at 11.)

Finally, **Exhibit 14** is a copy of J2's "Leadership" webpage from February 1, 2016, accessed through the Wayback Machine.  The Court previously held that "[c]ourts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public," and took

judicial notice of another webpage accessed through the Wayback Machine. (Order at 11–12.) Defendants request that the Court take judicial notice of **Exhibit 14** for the same reason.

### III. CONCLUSION

The Court should grant Defendants' request for consideration under the incorporation by reference doctrine and/or judicial notice of Exhibits 1 through 14. All but two of these documents have already been considered by this Court and found either to be incorporated into an earlier complaint with similar allegations or to have been the proper subjects of judicial notice, and the two new exhibits are an SEC filing and a publicly-available webpage accessed through the Wayback Machine of which the Court can take judicial notice.

Dated: May 20, 2021　　　　　　　　　　O'MELVENY & MYERS LLP

By: /s/ Matthew W. Close
　　　　Matthew W. Close

*Attorney for Defendants J2 Global, Inc., Vivek Shah, Nehemia Zucker, and R. Scott Turicchi*